## BRADLEY *v.* THE STATE.

GILBERT, J. 1. The excerpts from the charge of the court, of which complaint is made, do not, for any reason assigned, show cause for reversal.

2. The assignments of error in regard to the admission of evidence over objection of the accused are without merit.

3. "Where upon the subject of confessions the charge of the court is in all other respects full and fair, a mere failure to charge that they should be received with caution and scanned with care will not, in the absence of a request to charge to that effect, be sufficient to justify the grant of a new trial." *Nobles* v. *State,* 98 *Ga.* 73 (4), 80 (26 S. E. 24, 38 L. R. A. 577).

4. The verdict is supported by evidence. The court did not err in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concur.*

No. 2428. APRIL 14, 1921.

Indictment for murder. Before Judge Jones. Stephens superior court. December 31, 1920.

After conviction of murder Bradley moved for a new trial, which was refused, and he excepted. The evidence tended to prove that he killed his wife's sister by shooting her with a gun at night, as she lay asleep in bed, intending to shoot his wife, who was sleeping in another room, and from whom he had been living apart for two weeks or longer. He left the county at once, and was pursued and captured on the same day in South Carolina, twenty-one miles

from Toccoa, Georgia. There was testimony that he had previously threatened to kill his wife, and had stated that he "had a woman," etc.; also, that after being put into jail he voluntarily stated to a witness that "all he hated was because he didn't get the right one;" and that "if he got the right one he wouldn't care what the people done with him." A gun that he carried on the night of the homicide, at an earlier hour, was the same gun that he carried when he was captured, and it was then loaded with a cut shell that would likely make the kind of wound that was found in the body of the slain girl.

The motion for new trial assigned error on the admission of evidence, in brief, as follows: (a) The mother of the slain girl testified that the accused told her, " a good long while before he done this killing," that he was going to kill his wife, and so told her " about three weeks before he done the killing." This was objected to as irrelevant and immaterial, and as not illustrative of any issue in the case. (b) The same objection was made to testimony by another witness, that the accused " said he had a woman," giving her name; " the one the sheriff had in jail." (c) To the introduction in evidence of the gun already mentioned objection was made, because there was no evidence that since the commission of the crime the accused had in his possession any gun, or that he had the particular gun. (d) The accused moved to rule out the following testimony by the sheriff of the county, who was introduced after the accused (who offered no evidence) had made his statement to the jury, on the ground that it was irrelevant and immaterial, was not in rebuttal, and did not connect the accused with any crime: Witness and others found in the wet ground (rain had fallen) tracks coming up to the house, and beside them the imprint of the butt of a gun, and they " got on " the track of a person " where he run off from the house. . . There was something particular about the tracks, run-down heel shoes, low-heels; and that part of the shoe, the upper part of the shoe heel, would touch the ground and run back a little; the spur piece was worn back. The tracks were made clear and distinct." (e) The following testimony of the same witness was objected to as an opinion and a conclusion: " It was that morning when I tracked him at Craig's. Started out pretty soon, following him. I got out of the car and looked in the road and saw tracks that looked like the same tracks."

Q. " Have that same shoulder on the foot ?" A. " Yes sir." (*f*)
The same witness described the place where he found the accused in
South Carolina; adding: " I looked at the shoe after I caught
him; didn't look at the tracks. I noticed the feature about it stick-
ing over the heel." A motion was made to rule this out, on the
ground that the evidence was illegally obtained beyond the juris-
diction of this State, under an illegal arrest, and tended to in-
criminate the movant against his will, and compelled him to give
testimony tending to criminate himself.

The other assignments of error were: (*a*) The court erred in
charging the jury as follows: " To make a confession admissible
in evidence it must have been made freely and voluntarily, without
being induced by another by the slightest hope of benefit or re-
motest fear of injury. Now I don't tell you that there has been
any confession in this case. If the defendant made a confession
and it was not made voluntarily, if there was any inducement
offered him to make it, either hope of benefit or fear of injury,
then you couldn't make use of any confession against him. I
give you that rule, and you apply it in the event there is a con-
fession. I further charge you that there cannot be a conviction
upon a confession alone. If there has been a confession and you
use it, then there must be other evidence besides the confession,
either direct or circumstantial, and he couldn't be convicted of
crime on a mere confession or upon a confession alone." The court
erred in failing to charge, in this connection or anywhere in the
charge, in the language of the Penal Code, § 1031. The court
erred in failing to give in charge the definition of a confession;
and the charge intimated or expressed the court's opinion that a
confession had been proved. (*b*) The " judge erred in that he did
intimate or express to the jury what had been proved," in the
charge " that if there was a flight, that is, if the defendant left
the country immediately after the killing of the party alleged to
have been killed, if she was killed by anybody, if immediately after
that he fled, left, then flight is a circumstance that the jury may
consider as indicating a consciousness of guilt; but if the flight
has been accounted for, been explained, a reasonable explanation
made of it, one that is satisfactory to the jury, and if that explana-
tion is satisfactory to you, if there was any flight, and you don't

believe it indicated a consciousness of guilt on his part, then you wouldn't use the flight as a circumstance against him."

*Winston Owen* and *C. M. McClure,* for plaintiff in error.

*R. A. Denny,* attorney-general, *J. G. Collins,* solicitor-general, *Graham Wright,* and *G. G. Allen,* contra.